## Keen Estate

*Franklin L. Wright,* for accountant.
*Harry J. Alker, Jr.,* for widow.

FORREST, J. (specially presiding), May 4, 1951.—
. . . Testator died on November 16, 1946. By his will he provided, inter alia, as follows: . . .

"I. My trustees shall pay the net income in monthly or other convenient installments to my wife, ALICE H. KEEN, during her lifetime, and in addition such sum or sums from principal as she shall from time to time in writing request. . . .

"I direct that the interests of the beneficiaries hereunder shall not be subject or liable in any manner to or for their or any of their anticipations, assignments, sales, pledges, debts, contracts, engagements or liabilities, or subject or liable to attachment, execution or sequestration under any legal, equitable or other process."

Testator was survived by his wife, Alice H. Keen, and by his son, William E. Keen, both of whom are living and of full age.

Alice H. Keen, by her writing under date of November 14, 1947, addressed to the Norristown-Penn

Trust Company, coexecutor and cotrustee under the will, has requested the payment to her of the entire net balances of principal and income; to which she claims to be entitled under the second item of the will. Under the request the accountants have paid to her sums totalling $5,400.

William E. Keen, by writing under date of April 9, 1951, approves the request that the entire balance shown by the account be paid to his mother, Alice H. Keen.

In Scott on Trusts, §128.3, Discretionary Trusts, it is stated, at page 671:

"By the terms of the trust it may be provided that the trustee shall pay the life beneficiary so much of the principal as the life beneficiary may request him to pay. In such a case the amount to which the life beneficiary is entitled depends wholly upon his own desires, and the trustee has no discretion to withhold any part of the principal which the life beneficiary requests should be paid to him."

The only question which might arise under this will, as to the duty of the trustee to comply with the widow's request, concerns the use by testator of the words "from time to time" in connection with the payment of principal to the widow. I am of the opinion, however, that these words do not in any way diminish or qualify her right to demand the entire principal in a lump sum, even though the payment under such a demand has the effect of diverting testator's estate away from the persons he has designated to receive what might otherwise remain in trust at the widow's death. Her request, which is in the form prescribed by the will, must be complied with, and the entire balance for distribution, subject to distribution, already properly made, is awarded to Alice H. Keen.